**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JERMAINE L. HOLLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CV1033 |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Docket Entry 1.)[1] Respondent has moved for summary judgment. (Docket Entry 5; see also Docket Entry 6 (Brief).) For the reasons that follow, this Court should grant summary judgment for Respondent and should deny the Petition.

### I. BACKGROUND

Petitioner pleaded guilty in the Superior Court of Person County to selling a Schedule II controlled substance as a habitual felon in case numbers 14CRS001572 and 14CRS001573 (as well as to resisting a public officer and possession with intent to manufacture, sell, and deliver a Schedule II controlled substance

---

[1] Petitioner attached to the standard-form Petition copies of certain documents from his underlying state criminal case and from a prior habeas action he filed in this Court. (See Docket Entry 1-1.) Respondent also appended to his summary judgment brief various documents from Petitioner's underlying state criminal case. (See Docket Entries 6-2, 6-3, 6-5 – 6-14.) Petitioner's summary judgment response does not contest the authenticity of any of the documents tendered by Respondent. (See Docket Entry 8.) Pin cites to the court documents filed with the Petition and Respondent's summary judgment brief refer to the page number that appears in the footer appended to such documents upon their docketing in the Court's CM/ECF system.

in case numbers 14CRS052071 and 14CRS052072), and received a prison sentence of 120 to 156 months. (Docket Entry 1, ¶¶ 1-6; see also Docket Entry 1-1 at 4-5 (Judgment and Commitment); Docket Entry 6-2 (Transcript of Plea); Docket Entry 6-5 (Judgment and Commitment).)[2] He did not pursue a direct appeal (see Docket Entry 1, ¶ 8), but did seek certiorari review by the North Carolina Court of Appeals (see id., ¶ 11(b)(1)-(5); see also Docket Entry 6-6), which that court denied (see Docket Entry 1, ¶ 11(b)(7) & (8); see also Docket Entry 1-1 at 6; Docket Entry 6-7).[3] Petitioner then filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Person County (see Docket Entry 1, ¶ 11(a)(1)-(5); see also Docket Entry 6-8), which that court denied (Docket Entry 1, ¶ 11(a)(7) & (8); see also Docket Entry 1-1 at 2; Docket Entry 6-9). He again sought certiorari review in the North Carolina Court of Appeals (see Docket Entry 1, ¶ 11(c)(1)-(5); see also Docket Entry 6-12), which that court again denied (see Docket Entry 1, ¶ 11(c)(7)-(8); see also Docket Entry 1-1 at 3; Docket Entry 6-13).

Petitioner thereafter timely commenced this action by filing his instant Petition. (Docket Entry 1.) Respondent answered (Docket Entry 3) and moved for summary judgment (Docket Entry 5). Petitioner responded in opposition. (Docket Entry 8.)

---

[2] The Judgment and Commitment copy submitted by Petitioner lacks the supplemental pages included with the copy provided by Respondent (which supplemental pages document the adjudication on the drug possession felony). (Compare Docket Entry 1-1 at 4-5, with Docket Entry 6-5 at 2-5.)

[3] Petitioner subsequently sought discretionary review by the Supreme Court of North Carolina (Docket Entry 6-10; see also Docket Entry 1, ¶ 12(Ground One)(e), (Ground Two)(e), (Ground Three)(e), & (Ground Four)(e)), but that court dismissed his petition (Docket Entry 1-1 at 7-8; Docket Entry 6-11).

-2-

## II.  HABEAS STANDARDS

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Further, "[b]efore [the C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. . . .  The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  In addition, this Court must apply a highly deferential standard of review in connection with any habeas claim "adjudicated on the merits in State court proceedings."  28 U.S.C. § 2254(d).  More specifically, the Court may not grant relief on any such habeas claim unless the underlying state court decision on the merits "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id.; see also 28 U.S.C. § 2254(e)(1) (establishing, in federal habeas proceedings, presumption of correctness as to state court factual findings, subject to rebuttal only by "clear and convincing evidence").

To qualify as "contrary to" United States Supreme Court precedent, a state court decision either must arrive at "a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confront[] facts that are

materially indistinguishable from a relevant [United States] Supreme Court precedent and arrive[] at a result opposite" to the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of United States Supreme Court case law "if the state court identifies the correct governing legal rule from [the United States Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also id. at 409-11 (explaining that "unreasonable" does not mean merely "incorrect" or "erroneous").

### III. DISCUSSION

The Petition identifies these four grounds for relief:

A) "The Sentence Imposed Was Disproportionate" (Docket Entry 1, ¶ 12(Ground One));

B) "[Petitioner's] trial Lawyer Was Ineffective" (id., ¶ 12(Ground Two));

C) "[Petitioner] Was Deprived of [his] U.S. Constitutional Rights to Due Process of Law/Equal Protection When [he] Was Denied appeal" (id., ¶ 12(Ground Three)); and

D) "The [Superior] Court Violated [Petitioner's] 6th amend. Right to Jury trial" (id., ¶ 12(Ground Four)).

### A. Ground One: Disproportionate Sentence

Petitioner offered these "[s]upporting facts" for Ground One: "a sentence of 10 to 13 years for the sale of a crack rock was grossly disproportionate, was not graduated as was intended by the legislature and . . . violated [Petitioner's] constitutional rights

under the 5th, 6th, 8th and 14th Amendments of the United States Constitution." (Id., ¶ 12(Ground One)(a) (internal brackets omitted).)[4] He raised the same claim in his MAR. (See Docket Entry 6-8 at 4-10.) The Superior Court denied that claim on the merits. (See Docket Entry 1-1 at 2; Docket Entry 6-9 at 2.)

"[B]ecause this matter comes before [this Court] pursuant to [a Section] 2254 petition for habeas corpus relief, [the Court's] review focuses on the propriety of [that s]tate [d]ecision . . . ." Baum v. Rushton, 572 F.3d 198, 209 (4th Cir. 2009). In particular, this Court "may award [Petitioner] relief only if [the] [s]tate [d]ecision . . . can be found deficient under the highly deferential standards . . . contained in § 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses, as well as in § 2254(d)(2)'s 'unreasonable determination of the facts' provision." Id.; see also Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (observing that Section 2254(d) imposes "a difficult to meet and highly deferential standard . . ., which demands that state-court decisions be given the benefit of the doubt" and holding that a "petitioner carries the burden of proof" (internal citations and quotation marks omitted)); Baum, 572 F.3d at 209 ("We emphasize 'that it is Supreme Court precedent, and not Fourth Circuit precedent, to which we look in applying [Section 2254(d)(1)'s] standard of review.'" (quoting Bustos v. White, 521 F.3d 321, 325 (4th Cir. 2008))).

---

[4] Neither the Petition nor Petitioner's summary judgment brief follows standard capitalization conventions, but (for ease of reading) the remainder of this Memorandum Opinion uses such conventions when quoting those filings.

-5-

Petitioner has not satisfied Section 2254(d) as to this claim. First, he has not identified any unreasonable fact-finding (made or relied upon) by the Superior Court in denying his disproportional sentence claim. (See Docket Entry 1, ¶ 12(Ground One); Docket Entry 8.) Second, Petitioner has not established that the Superior Court's denial of this claim contradicted or unreasonably applied any United States Supreme Court holding. (See id.) Nor could Petitioner meet that burden, given the state of the Supreme Court authority in this area. In that regard, with but one exception (involving a life sentence imposed on a defendant convicted only of uttering a $100 bad check), "not a single defendant before the [United States] Supreme Court has been successful in establishing even a threshold inference of gross disproportionality in a non-capital case. For example, in Harmelin v. Michigan, 501 U.S. 957 (1991), the [United States Supreme] Court rejected an as-applied Eighth Amendment challenge to a mandatory life sentence in a cocaine possession case." United States v. Said, 798 F.3d 182, 197 (4th Cir. 2015) (internal quotation marks and some internal citations omitted); see also id. at 199 (Davis, S.J., concurring) (observing that "the Constitution has remarkably little to say about severe, but non-capital, criminal punishments").

Accordingly, the Court should deny relief on Ground One, pursuant to Section 2254(d).

### B. Ground Two: Ineffective Assistance of Counsel

Ground Two alleges these "[s]upporting facts" for Petitioner's claim of ineffective assistance:

-6-

> My trial lawyer failed to timely object or prepare
> arguments that challenged the application of the habitual
> felon laws to my case or the aggravated sentence; and he
> failed to advise me of my appeal rights or of when and
> how to appeal. He also did not research proportionality
> or graduation of my sentences so he was not prepared to
> make a challenge to those issues.

(Docket Entry 1, ¶ 12(Ground Two)(a).) Those allegations effectively assert four different ineffective assistance sub-claims, i.e., failure: (i) to contest application of the habitual felon law; (ii) to oppose imposition of a sentence in the aggravated range; (iii) to consult about an appeal; and (iv) to raise a proportionality challenge.

### i. Habitual Felon Sentence

Petitioner's MAR raised the first of the foregoing four ineffectiveness sub-claims (i.e., for failing to object to adjudication as a habitual felon). (See Docket Entry 6-8 at 10-11.) The Superior Court denied an identical claim on the merits. (See Docket Entry 1-1 at 2; Docket Entry 6-9 at 2.) "[B]ecause th[at] matter comes before [this Court] pursuant to [a Section] 2254 petition for habeas corpus relief, [the Court's] review focuses on the propriety of [that s]tate [d]ecision . . . ." Baum, 572 F.3d at 209. In particular, this Court "may award [Petitioner] relief only if [the] [s]tate [d]ecision . . . can be found deficient under the highly deferential standards . . . contained in § 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses, as well as in § 2254(d)(2)'s 'unreasonable determination of the facts' provision." Id.; see also Cullen, 563 U.S. at 181 (observing that Section 2254(d) imposes "a difficult to meet and

-7-

highly deferential standard . . ., which demands that state-court decisions be given the benefit of the doubt" and holding that a "petitioner carries the burden of proof" (internal citations and quotation marks omitted)); Baum, 572 F.3d at 209 ("We emphasize 'that it is Supreme Court precedent, and not Fourth Circuit precedent, to which we look in applying [Section 2254(d)(1)'s] standard of review.'" (quoting Bustos, 521 F.3d at 325)).

Petitioner has fallen short under Section 2254(d) in regard to this ineffective assistance sub-claim. As an initial matter, he has not cited any unreasonable fact-finding undergirding the Superior Court's denial of the identical claim. (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 8.) Nor has Petitioner demonstrated that the Superior Court denied relief on this front by contradicting or unreasonably applying any United States Supreme Court decision. (See id.) Moreover, Petitioner could not make any such showing, in light of the record and the standard for ineffective assistance claims:

> In order to establish an ineffective assistance of counsel claim . . ., [a petitioner must] establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," [Strickland v. Washington, 466 U.S. 668, 688 (1984)], and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.
>
> In determining whether counsel's performance was deficient, "[i]t is all too tempting for a [petitioner] to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court,

> examining counsel's defense after it has proved
> unsuccessful, to conclude that a particular act or
> omission of counsel was unreasonable." Id. at 689.
> Hence, "court[s] must indulge a strong presumption that
> counsel's conduct falls within the wide range of
> reasonable professional assistance . . . ." Id.
> (internal quotation marks omitted).
>
> Similarly, in evaluating whether [a petitioner] has shown
> actual prejudice from any such deficient performance, it
> is insufficient for the [petitioner] "to show that the
> errors had some conceivable effect on the outcome of the
> proceeding," because "[v]irtually every act or omission
> of counsel would meet that test." Id. at 693. Rather,
> a "reasonable probability" that the result would have
> been different requires "a probability sufficient to
> undermine confidence in the outcome." Id. at 694.

Fisher v. Lee, 215 F.3d 438, 446-47 (4th Cir. 2000) (internal parallel citations omitted); see also Harrington v. Richter, 562 U.S. 86, 105 (2011) ("Surmounting Strickland's high bar is never an easy task. . . . Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." (internal quotation marks omitted)); Hill v. Lockhart, 474 U.S. 52, 59 (1985) (holding that, in the context of "challenges to guilty pleas based on ineffective assistance of counsel," a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

Petitioner has not come close to meeting the Strickland standard (much less demonstrating that the Superior Court unreasonably applied Strickland by denying relief), because Petitioner has not identified any rationale his counsel could have employed to exculpate Petitioner from conviction and sentencing as a habitual felon. (See Docket Entry 1, ¶ 12(Ground Two); Docket

-9-

Entry 8.) Put another way, as to this sub-claim, Petitioner "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis." Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance claim — or, for that matter, on any claim — a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255, 266 n.4 (4th Cir. 1999).[5]

Plaintiff's first ineffectiveness sub-claim regarding his punishment as a habitual felon thus fails as a matter of law under Section 2254(d).

### ii. Aggravated Range Sentence

As noted in Section III.B.i., Petitioner's MAR presented a claim for ineffective assistance; however, that claim did not rely on any failure by counsel to oppose Petitioner's sentencing in the aggravated range. (See Docket Entry 6-8 at 10-11.) The second sub-claim within Ground Two (which raises such an ineffectiveness

---

[5] Additionally, Petitioner cannot show that the Superior Court acted unreasonably by declining to deem Petitioner's counsel ineffective for refraining from challenging North Carolina's habitual felon law, because the United States Supreme Court expressly has recognized that "[s]tatutes that punish recidivists more than first offenders have a long tradition in this country that dates back to colonial times. . . . States have a valid interest in deterring and segregating habitual criminals." Parke v. Raley, 506 U.S. 20, 26-27 (1992).

-10-

challenge) therefore qualifies as both unexhausted under 28 U.S.C. § 2254(b)(1) and procedurally barred in light of N.C. Gen. Stat. § 15A-1419(a)(1) (which precludes claims that a petitioner could have brought in a prior MAR). See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) ("A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991))); see also Bacon v. Lee, 225 F.3d 470, 476 (4th Cir. 2000) (quoting Section 15A-1419(a)(1) and stating: "We have consistently held that this provision constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims."). Moreover, Petitioner has failed to make any arguments that could overcome such default, see McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000) ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice."). (See Docket Entry 1, ¶ 12; Docket Entry 8.)

Although not argued by Petitioner, the United States Supreme Court, in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), "held that cause for a petitioner's default on an ineffective

-11-

assistance of trial counsel claim may be established if (1) the claim is 'substantial' (i.e., has some merit), (2) the default occurred during a proceeding designated by state law as the first opportunity for raising the particular claim, and (3) the petitioner lacked the effective assistance of counsel during the proceeding." White v. Keller, No. 1:10CV841, 2013 WL 791008, at *2 n.2 (M.D.N.C. Mar. 4, 2013) (unpublished) (citing Martinez, ___ U.S. at ___, 132 S.Ct. at 1317–20). Assuming (for present purposes only) that Martinez otherwise applies in this circumstance, Petitioner has not demonstrated the requisite substantiality of his instant ineffectiveness sub-claim.

Specifically, Petitioner received an aggravated range sentence because he (1) admitted that evidence established beyond a reasonable doubt that he "committed the [two drug felonies and the resisting officer misdemeanor to which he pleaded guilty] while on pretrial release on another charge" (Docket Entry 6-2 at 3), and (2) agreed to accept a consolidated, habitual felon sentence for those offenses "from the aggravated range . . . of 120 months minimum to 156 months maximum," in exchange (inter alia) for the dismissal of 10 additional felony drug charges and six other misdemeanor charges (id. at 4-5; see also id. at 3 (documenting that Petitioner faced maximum prison term of 272 months on the counts of conviction)). Neither Ground Two nor Petitioner's summary judgment response offers any basis for the Court to conclude that (1) the State lacked proof of the aggravating factor to which Petitioner admitted, (2) his counsel could have negotiated

-12-

a plea to a sentence below the aggravated range, or (3) Petitioner would have risked a trial (and even longer prison sentence). (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 8.) To the contrary, in attacking his counsel's handling of this subject, Petitioner "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis," Cano, 2009 WL 3526564, at *3. (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 8.)

As a result, the Court should deny as procedurally barred Petitioner's instant sub-claim for ineffective assistance of counsel related to the imposition of an aggravated range sentence.[6]

### iii. Consultation about Appeal

Petitioner's third sub-claim of ineffective assistance faults his counsel for "fail[ing] to advise [Petitioner] of [his] appeal rights or of when and how to appeal." (Docket Entry 1, ¶ 12(Ground Two)(a).) Per the discussion in Section III.B.i., Petitioner

---

[6] An affidavit Petitioner filed with his MAR asserts that he "never knew the aggravating factor would have an affect [sic] on the length of [his] sentence" and that he "did not sign a waiver of [his] right to challenge or contest the aggravating factor or sentence." (Docket Entry 6-8 at 14.) If this Court assumed that (1) those assertions properly presented to the Superior Court an ineffectiveness claim regarding the imposition of an aggravated range sentence that Petitioner also raised in the second sub-claim of Ground Two (such that no procedural bar would arise), and (2) the Superior Court failed to adjudicate that claim on the merits (such that no deference under Section 2254(d) would apply), this Court nonetheless should deny relief because the record conclusively refutes Petitioner's post-hoc, conclusory denial of knowing acceptance of an aggravated range sentence (see Docket Entry 6-2 at 3-4 (documenting Petitioner's guilty plea averments admitting to the aggravating factor and agreeing to a specific prison term in the applicable, aggravated range)). See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of [a petitioner] . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984) ("In the absence of clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time of the plea.").

-13-

raised an ineffectiveness claim in his MAR, but that claim did not relate to appellate consultation. (See Docket Entry 6-8 at 10-11.) The third sub-claim of Ground Two thus remains unexhausted under 28 U.S.C. § 2254(b)(1) and subject to a procedural bar by operation of N.C. Gen. Stat. § 15A-1419(a)(1) (precluding claims a petitioner neglected to present in previous MAR). See Breard, 134 F.3d at 619 (quoting Coleman, 501 U.S. at 735 n.1, for principle that "procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred'"); see also Bacon, 225 F.3d at 476 ("We have consistently held that [Section 15A-1419(a)(1)] constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims."). Nor has Petitioner argued grounds sufficient to avoid his default, see McCarver, 221 F.3d at 588 ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice."). (See Docket Entry 1, ¶ 12; Docket Entry 8.)

To the extent Martinez, ___ U.S. at ___, 132 S. Ct. at 1317-20, could provide a possible avenue to overcome the foregoing procedural default, Petitioner still must show that this sub-claim

-14-

"is 'substantial' (i.e., has some merit)," White, 2013 WL 791008, at *2 n.2. Petitioner, however, has not made any such showing; rather, he "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis," Cano, 2009 WL 3526564, at *3. (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 8.)

The third sub-claim within Ground Two therefore warrants denial on grounds of procedural bar.[7]

### iv. Disproportionate Sentence

According to the fourth sub-claim in Ground Two, Petitioner's counsel acted ineffectively by "not research[ing] proportionality or graduation of [Petitioner's] sentences so [counsel] was not prepared to make a challenge to those issues." (Docket Entry 1, ¶ 12(Ground Two)(a).) As described in Section III.B.i., Petitioner's MAR included an ineffectiveness claim; however, it did not concern disproportionate sentencing. (See Docket Entry 6-8 at

---

[7] Along with his MAR, Petitioner filed an affidavit, which states (1) that, "[i]f [he] would have known [his] appeal options [he] would have gave [sic] a timely notice of appeal," (2) that he "wanted an appeal, [but] just did not know how or when to appeal," and (3) that he "did not knowingly or intelligently waive . . . the right to appeal." (Docket Entry 6-8 at 14.) Should this Court accept for present purposes that (1) those statements adequately lodged with the Superior Court an ineffective assistance claim concerning appellate consultation that Petitioner also raised in the third sub-claim of Ground Two (such that no procedural bar would arise), and (2) the Superior Court did not adjudicate that claim on the merits (such that no deference under Section 2254(d) would apply), this sub-claim still would fail as a matter of law. As an initial matter, the record definitively documents that, at the time of his guilty plea, Petitioner understood his guilty plea limited the availability of any appeal. (See Docket Entry 6-2 at 2.) Further, Petitioner neither has contended that he ever expressed to his counsel an interest in appealing, nor has identified a non-frivolous issue he could have raised on appeal. (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 6-8 at 14; Docket Entry 8.) Of particular note, Petitioner received the exact sentence for which he bargained. (Compare Docket Entry 6-2 at 4, with Docket Entry 6-5 at 2.) Under these circumstances, Petitioner's counsel did not have a duty to consult with Petitioner about an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 478-80 (2000).

-15-

10-11.) That fact renders Ground Two's fourth sub-claim unexhausted under 28 U.S.C. § 2254(b)(1) and procedurally barred (due to the applicability of N.C. Gen. Stat. § 15A-1419(a)(1), which bars claims available at the time of an earlier MAR). See Breard, 134 F.3d at 619 ("A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting Coleman, 501 U.S. at 735 n.1)); see also Bacon, 225 F.3d at 476 ("We have consistently held that [Section 15A-1419(a)(1)] constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims."). Further, Petitioner has not made arguments that could vitiate that default, see McCarver, 221 F.3d at 588 ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice."). (See Docket Entry 1, ¶ 12; Docket Entry 8.)

Even if Martinez, ___ U.S. at ___, 132 S. Ct. at 1317-20, generally would have applied in this context, it only excuses procedural default where the claim "is 'substantial' (i.e., has some merit)," White, 2013 WL 791008, at *2 n.2. The instant ineffectiveness sub-claim does not meet that standard, because

-16-

Petitioner "has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis," Cano, 2009 WL 3526564, at *3. (See Docket Entry 1, ¶ 12(Ground Two); Docket Entry 8.)[8]

Given the foregoing circumstances, the Court should deny the fourth sub-claim of Ground Two as procedurally barred.

### C. Ground Three: Denial of Appeal

In Ground Three, Petitioner has contended he "was deprived of [his] U.S. Constitutional rights to Due Process of Law/Equal Protection when [he] was denied appeal." (Docket Entry 1, ¶ 12(Ground Three).) To support that claim, Ground Three states:

> [Petitioner] filed a certiorari petition seeking an appeal (which is allowed under N.C. law) . . . ask[ing] for review of: aggravated sentence; the [Superior] Court's failure to submit the aggravating factor to a jury; [and] the lack of prior notice . . . . [Petitioner] did not waive [his] rights to [a] jury trial, to confront, or the right to appeal yet [he] was denied an appeal arbitrarily.

(Id., ¶ 12(Ground Three)(a) (internal brackets, exclamation mark, and parentheses omitted).)

Petitioner did not present this claim in his MAR. (See Docket Entry 6-8.) As a result, he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1) and a procedural bar applies to Ground Three via N.C. Gen. Stat. § 15A-1419(a)(1) (barring

---

[8] Abundant authority also demonstrates that Petitioner's counsel lacked any plausible basis to challenge Petitioner's sentence on proportionality grounds. See, e.g., Said, 798 F.3d at 197 (discussing case law strictly limiting availability of relief for allegedly disproportionate sentencing, even where defendant receives life sentence); see also Parke, 506 U.S. at 26-27 ("Statutes that punish recidivists more than first offenders have a long tradition in this country that dates back to colonial times. . . . States have a valid interest in deterring and segregating habitual criminals.").

-17-

claims omitted from prior MAR).  See Breard, 134 F.3d at 619 (quoting Coleman, 501 U.S. at 735 n.1, in holding that "procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred'"); see also Bacon, 225 F.3d at 476 ("We have consistently held that [Section 15A-1419(a)(1)] constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims.").  Petitioner also failed to tender any argument that would allow relaxation of that bar, see McCarver, 221 F.3d at 588 ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice."). (See Docket Entry 1, ¶ 12; Docket Entry 8.)

In sum, Ground Three fails as a matter of law due to a procedural bar.[9]

---

[9] Alternatively, Ground Three falls short on the merits.  First, the alleged denial of an appeal in contravention of state law by the North Carolina appellate courts did not deprive Petitioner of his federal due process rights, because "there is no constitutional right to an appeal." Abney v. United States, 431 U.S. 651, 656 (1977).  Second, "[t]o succeed on an equal protection claim, [Petitioner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); see also id. ("Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.  Ordinarily, a state regulation or policy
(continued...)

### D. Ground Four: Sixth Amendment Violation

Ground Four asserts that "[t]he [Superior] Court violated [Petitioner's] 6th amend. right to [a] jury trial." (Docket Entry 1, ¶ 12(Ground Four).) It then gives these "[s]upporting facts": "The [Superior] Court erred in imposing an aggravated sentence without supporting evidence or without giving [Petitioner] proper notice or the factor was not put before a jury and that resulted in prejudicial error, and the [Superior] Court's failure to observe [Petitioner's] rights violated [his] const[itutional] rights to [a] jury trial or due process." (Id., ¶ 12(Ground Four)(a).)

Petitioner's MAR omits any such claim. (See Docket Entry 6-8.) Petitioner therefore has not exhausted Ground Four as mandated by 28 U.S.C. § 2254(b)(1) and a procedural bar arises as a function of N.C. Gen. Stat. § 15A-1419(a)(1) (prohibiting claims not included within initial MAR). See Breard, 134 F.3d at 619 (quoting Coleman, 501 U.S. at 735 n.1, in support of declaration that "procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

---

[9](...continued)
. . . will be sustained if the classification is rationally related to a legitimate state interest. . . . [C]lassifications which are based upon [such] factors [as race or national origin], or which impinge upon fundamental rights protected by the Constitution, are subjected to stricter scrutiny, sustained only if they are narrowly tailored to serve a compelling state interest." (internal citations omitted)). Here, Petitioner has not alleged that other defendants in North Carolina who failed to timely appeal received different treatment or that any differential treatment stemmed from an intent to discriminate against him (much less that racial or other suspect-classification-based bias fueled any discrimination). (See Docket Entry 1, ¶ 12(Ground Three); Docket Entry 8.)

barred'"); see also Bacon, 225 F.3d at 476 ("We have consistently held that [Section 15A-1419(a)(1)] constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims."). In addition, Petitioner has not shown grounds adequate to evade that procedural bar, see McCarver, 221 F.3d at 588 ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice."). (See Docket Entry 1, ¶ 12; Docket Entry 8.)

The Court thus should deem Ground Four procedurally barred.[10]

## IV. CONCLUSION

Petitioner has not established entitlement to habeas relief.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be granted, that the Petition (Docket Entry 1) be denied, and that judgment be entered for Respondent without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 29, 2016

---

[10] In the alternative, the Court should deny Ground Four for want of merit. Most notably, at his guilty plea, Petitioner admitted the aggravating factor, acknowledged that evidence supported the aggravating factor beyond a reasonable doubt, conceded that he received adequate notice of the aggravating factor, waived any further notice-related rights, and agreed to a specific prison term in the applicable, aggravated range. (See Docket Entry 6-2 at 3-4.)